UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SONIA COLE,
              Plaintiff,

         -against-

MEMORANDUM AND ORDER
05-CV-3908 (CBA)

JERRY TESTANI; JOHN DOE IS A
RELATIVE UNKNOWN,

              Defendants.
-----------------------------------------------------------x

AMON, United States District Judge.

Plaintiff, appearing *pro se,* brings this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order and dismisses the case for the reasons stated below.

Discussion

Plaintiff's handwritten complaint is barely legible. As best as can be discerned, plaintiff alleges that she is being "harassed and embezzled" by defendant Testani, who owns a piece of property that is adjacent to plaintiff's property. Complaint at 2, ¶ 1. Specifically plaintiff alleges:

---

[1] This is plaintiff's tenth action filed with this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC., 03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Hanks et al., 05-cv-1831 (CBA) (pending § 1983); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. Jack & Hendra Movers, Inc., 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. US Department of Justice et al., 05-cv-2997 (CBA) (pending § 1983).

1

I purchase[d] property from New York City Auction in 1993-1994 under Answer Care, Inc. I met with Mr. Louis Testani, his wife, real estate owner Mr. Bert Goberdthan ... to ask Mr. Louis Testani if he would be willing to sell to an investor who wanted to buy both properties to build on, etc. Investor [said] they were willing to buy both pieces for $50-$70 thousand dollar total.

Id. at ¶ 3.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Here it is clear that plaintiff's complaint under 42 U.S.C. § 1983 fails to state a claim on which relief may be granted. In order to state a § 1983 claim, plaintiff must allege facts showing that the defendant, acting pursuant to state law, deprived the plaintiff of a right or privilege established by the Constitution or laws of the United States." 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 638 (1980). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345,

2

351 (1974)). For plaintiff to succeed on her § 1983 complaint, she must first establish that the conduct of the named defendant is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50; Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 186 (2d Cir. 2005) (Because the United States Constitution regulates only the government, not private parties, litigant claiming that his constitutional rights have been violated must first establish that challenged conduct constitutes "state action."). Here defendants are private parties whose conduct cannot be fairly attributed to the state. Thus, plaintiff does not present cognizable claim under 42 U.S.C. § 1983.

## Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, plaintiff has not taken the Court's prior warning seriously. Plaintiff continues to file non-meritorious complaints after being warned that the Court would bar her future filing. This Court shall not tolerate plaintiff's continued abuse. Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty (30) days of the date of this Order why the Court should not bar the acceptance of any future *in forma pauperis* complaint plaintiff may submit for filing. 28 U.S.C. § 1651. If plaintiff fails to show cause within the time allotted, she shall be barred from filing any future *in forma pauperis* complaints without first obtaining leave of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
August 23, 2005